UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06371-MBK | Date | November 5, 2026 |
| Title | Singh v. Semaia, et al. | | |

| | |
|---|---|
| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |

| | |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Pending before the Court is Petitioner Anuj Kulbir Singh's Petition for Habeas Corpus. Respondents have not filed an opposition to the Petition or appeared in the case. For the reasons that follow, the Petition is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Anuj Kulbir Singh, a native and citizen of India, is currently in custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Singh entered the United States on or about January 26, 2024, near Otay Mesa, California. Dkt. 1 at 6. He settled in La Verne, California and has lived there openly. *Id.* About a month after entering the United States, Petitioner filed an Application for Asylum and Withholding of Removal (Form I-589) with United States Citizenship and Immigration Services ("USCIS"). *Id.* He provided his La Verne address on the application. *Id.* Petitioner's application remains pending. *Id.*

On March 3, 2025, a DHS deportation officer served Petitioner in person with a Notice to Appear. *Id.* DHS did not take him into custody, and he remained at liberty in the community, subject to ICE check-ins and home visits. *Id.* He reported for all check-ins. *Id.* On September 28, 2026, Petitioner had a scheduled ICE home visit, but was not home because of a family emergency. *Id.* When an ICE officer called him, Petitioner answered, joined a video call as requested by the officer, and then reported in person to an ICE office as the officer directed. *Id.* The officer warned Petitioner not to miss another home visit, but ICE did not detain Petitioner. *Id.*

About 10 days later, an ICE officer called Petitioner and directed him to report for a check-in on October 14, 2026. *Id.* Petitioner reported on October 14, 2026, as instructed,

and ICE detained him. *Id.* Petitioner was not provided with notice or a hearing prior to his detention. *Id.* Petitioner has no criminal record and has not been arrested for, charged with, or convicted of any crime in the United States. *Id.*

Petitioner has been continuously detained since October 14, 2026. *Id.* To date, no judge or neutral decisionmaker has held a hearing on whether his detention is necessary. *Id.* Petitioner's removal case is pending before the Immigration Court in Adelanto, and no order of removal has been entered. *Id.*

Petitioner filed his Petition and Application for a Temporary Restraining Order ("TRO") on October 27, 2026. Dkt. 1, 3. He contends that his detention without notice and a hearing violates procedural and substantive Due Process. Dkt. 1 at 6-7. Petitioner asks the Court to issue a writ of habeas corpus requiring his immediate release from custody subject to the same conditions that applied to him before October 14, 2026, or, in the alternative, require Respondents to provide him with an individualized custody hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the Court's order. *Id.* at 8.

The Court issued Notice of General Order 26-05 and Briefing Schedule on October 28, 2026. Dkt. 6. On the same date, the Court ordered Respondents to file a response to the TRO application by October 29, 2026 at 5 p.m., and stated that "[f]ailure to timely respond will be construed as consent to granting the TRO application as unopposed." Dkt. 7. The Court informed Respondents that they could file a combined Answer and response to the TRO application, if appropriate. *Id.* The Court set a deadline of October 30, 2026 at 12 p.m. for Petitioner's reply brief, and ordered Respondents not to remove Petitioner from the Central District of California pending the Court's decision on the TRO application. *Id.* Respondents did not respond to Petitioner's application for a TRO.

The Court granted Petitioner's application for a TRO on October 30, 2026. Dkt. 9. The Court ordered Respondents to immediately release Petitioner subject to the same conditions as prior to October 14, 2026, and prohibited Respondents from re-detaining Petitioner absent notice and a hearing before a neutral decisionmaker at which the Government must show material changed circumstances warranting his detention. *Id.* The Court also ordered the parties to brief the issue of whether a preliminary injunction should issue in conjunction with the merits of the Petition. *Id.* The Court ordered Respondents to file their response on or before November 4, 2026. *Id.* The Court stated: "Failure to file a response by this deadline shall be deemed as consent to the granting of a preliminary injunction and Petition." *Id.* To date, Respondents have not appeared in this action or filed an opposition to the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06371-MBK | Date | November 5, 2026 |
| Title | Singh v. Semaia, et al. | | |

## II. DISCUSSION

Petitioner argues that he is entitled to release because, *inter alia*, his detention without notice or a hearing violated due process. Dkt. 1 at 7. Respondents have not filed a response to the Petition or appeared in the case.

"The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits." *Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883, at *1 (C.D. Cal. Sept. 18, 2026). In light of Respondents' failure to enter an appearance or oppose the Petition, Respondents have conceded Petitioner's claims. *See Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

In its order granting a TRO, the Court found that Petitioner was likely to succeed on his due process claims challenging his detention without notice or a hearing. *See* Dkt. 9 at 3-4. In light of Respondents' non-opposition and for the reasons stated in the order, the Court finds that Petitioner's detention violated due process.

Accordingly, the Petition is **GRANTED**. The Court **ORDERS** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Anuj Kulbir Singh's (A# 245-766-197) continued release from DHS custody and prohibiting his re-detention absent a hearing before a neutral decisionmaker at which the Government must show changed circumstances warranting his re-detention; and (3) that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06371-MBK | Date | November 5, 2026 |
| Title | Singh v. Semaia, et al. | | |

Respondents file a status report within three (3) calendar days from the date of this order confirming compliance with this order.

**IT IS SO ORDERED.**